JOHN DAHMER ET AL. *v.* THE STATE.

1. CRIMINAL LAW. *Retailing. Giving away liquors. Acts 1873, p. 97.*
   An indictment under the act of March 17, 1873, for selling liquor to a person in
   the habit of getting intoxicated, will be sustained, under sect. 7 thereof, by
   proof of a gift of the liquor, if the evidence be otherwise sufficient to convict.

2. SAME. *Evidence. Joint indictment. License to one.*
   A license to retail liquors, issued to one indicted with several others, is inad-
   missible, under the legislative act above referred to, to rebut proof that all of
   the defendants were jointly engaged in the business of retailing.

ERROR to the Circuit Court of Chickasaw County.
Hon. J. A. GREEN, Judge.

The case is fully stated in the opinion of the court.

*A. Y. Harper* and *Lacey & Buchanan*, for the plaintiffs in
error.

1. The court erred in excluding the license.   If the other

defendants were clerks, and not partners, there was no other way, where all were on trial, to rebut the presumption of partnership raised by the State.

2. An indictment for selling liquor, under the act of 1873, is not sustained by proof of giving it away, unless the giving was to evade the law.   One who, in good faith, gives a drink to a suffering man, is in no sense a criminal, but a private benefactor.

*T. C. Catchings,* Attorney-General, for the State.

1. The license was immaterial.   To make out the offence, it was not necessary to show that the defendants were licensed retailers.   Those who aid and assist are as liable as the licensee himself.   All three brothers stayed in the saloon and conducted it, and their sign was over the door.

2. By sect. 7 of the act of 1873 (Acts 1873, p. 100), the instruction was justified, that the defendants violated the law if they either sold or gave away the liquor.   The bond required by the statute is conditioned to cover any damage which may result from selling or *giving away* liquor.

George, C. J., delivered the opinion of the court.

The plaintiffs in error were indicted, under the act of 1873 (Sess. Laws, p. 97), for selling intoxicating liquors to one, Murphree, who was charged to be in the habit of "getting intoxicated."

Upon the trial, it was proven by a witness for the State, that he saw, in the saloon of Dahmer & Bros., on the 7th of March, 1879, the said Murphree take a drink of liquor, which looked like whiskey, and was handed to Murphree by one of the defendants ; that it was poured from a bottle, like that in which whiskey was usually kept, into a small glass, and then drank by Murphree ; that witness did not see Murphree pay for the liquor.   He could not say whether it was rum, gin, brandy, or cider, but he could say it looked like whiskey, and not like cider.

The witness further stated, that the defendants stayed in the

saloon, and they were usually there, and there was a sign of " Dahmer Bros." before the door. He also stated, that Murphree was at the time intoxicated, and was in the habit of getting intoxicated.

Murphree testified, that within the two years next before the finding of the indictment, he had, whilst intoxicated, bought whiskey at the saloon of Dahmer Bros.; that he would not say that he bought it from either of the Dahmers, but he bought it from Halsey, their clerk; that the three Dahmers (the defendants) and the clerk stayed in the house.

. This was all the evidence on the part of the State.

The defendants then, for the purpose of showing that John Dahmer was the sole owner of the saloon, offered in evidence a license granted to John Dahmer for retailing in the house in which the saloon was kept. The evidence was rejected, and the defendants excepted. The defendants offered no other evidence. The jury found all the defendants guilty.

The rejection of the license, as above stated, is now assigned for error. We think the evidence was properly rejected, for it did not tend to rebut the proof introduced on the part of the State, that the defendants were all interested in the saloon, and participated in the illegal sale to Murphree. The court charged the jury, at the instance of the State, that the defendants were equally guilty whether they sold or gave away the liquor in violation of the statute; and this is assigned for error.

The defendants were shown to be keepers of a saloon in which intoxicating liquors were sold by retail; and by sect. 7 of the act above referred to, it is declared that " the giving away of intoxicating liquors  *  *  *  shall be deemed and held to be an unlawful selling, within the provisions of this act." This provision makes the act of giving the same as the act of selling. Hence an indictment charging a sale will be sustained by the proof of a gift.

Judgment affirmed.